UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.**  CV-13-08441-MWF (SHx)                **Date:**  March 19, 2014

**Title:**  Petra Ann Parker -v- Thomas Weiss-Owner

**Present:**  The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

| Deputy Clerk: | Court Reporter: |
|---|---|
| Rita Sanchez | Not Reported |
| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
| None Present | None Present |

**Proceedings (In Chambers):**   ORDER TO SHOW CAUSE RE: PROOF OF SERVICE [14]

    Plaintiff Petra Ann Parker initiated this action by filing a Complaint on November 14, 2013.  (Docket No. 1).  On December 17, 2013, this Court granted Ms. Parker's request for service of process by the U.S. Marshals Service.  (Docket No. 8). On January 21, 2014, the U.S. Marshals Service returned the Process Receipt and Return unexecuted.  (Docket No. 10).  The Process Receipt and Return indicated that a deputy went to the address provided by Ms. Parker, as well as to a forwarding address, but could not find anybody matching Defendant Thomas Weiss-Owner.  (*Id.*).

    On March 3, 2014, Ms. Parker requested an extension of time to deliver the summons and complaint to Mr. Weiss-Owner.  (Docket No. 12).  On March 6, 2014, the Court granted her request and extended the time for service until April 28, 2014. (Docket No. 13).

    On March 17, 2014, Ms. Parker filed a timely Proof of Service.  (Docket No. 14).  In the Proof of Service, Joseph Marker attests that he left a true copy of the complaint with the owner, manager, or person in charge of Ship Plus Postal Packaging Center, where Mr. Weiss-Owner has a P.O. Box.  (Docket No. 14).  Mr. Marker indicates that such service complied with Florida Statutes § 48.031.

    Federal Rule of Civil Procedure 4(e) permits service of process on an individual in a manner authorized by the state where service is made.  Fed. R. Civ. P. 4(e)(1). Florida provides for substitute service on a private mailbox as follows:

---

**CIVIL MINUTES—GENERAL**                                                                         1

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No. CV-13-08441-MWF (SHx)  Date: March 19, 2014
Title:    Petra Ann Parker -v- Thomas Weiss-Owner

> If the only address for a person to be served, which is discoverable through public records, is a private mailbox, substitute service may be made by leaving a copy of the process with the person in charge of the private mailbox, but only if the process server determines that the person to be served maintains a mailbox at that location.

Fla. Stat. § 48.031(6).

Florida courts have explained that "[s]ubstitute service statutes are an exception to the rule requiring personal service, and it is well-settled that such statutes must be strictly construed in order to protect a defendant's due process rights." *Clauro Enters., Inc. v. Aragon Galiano Holdings, LLC*, 16 So. 3d 1009, 1011 (2009). Section 48.031(6) "only permits substitute service at a private mailbox if (1) it is the *only* address discoverable through the public records, and (2) the process server determines that the person to be served maintains a mailbox at that location." *Id.* at 1012 (emphasis in original). "Both requirements must be met." *Id.*

Here, neither requirement is met by the Proof of Service filed by Ms. Parker.

With regard to the first requirement, nothing in the Proof of Service indicates that the only address for Mr. Weiss-Owner discoverable through public records is the P.O. Box address. In fact, the Process Receipt and Return by the U.S. Marshals Service indicated that there was a forwarding address for Mr. Weiss-Owner at the P.O. Box address. Although they were unsuccessful at serving Mr. Weiss-Owner at the forwarding address, the Process Receipt and Return nonetheless indicates that there may be other addresses in the public record for Mr. Weiss-Owner.

With regard to the second requirement, the Proof of Service failed to show that the process server determined that Mr. Weiss-Owner had a P.O. Box at Ship Plus Postal Packaging Center. The Proof of Service only states in conclusory fashion that "Thomas Weiss has a P.O. Box at this location." (Docket No. 14). Florida case law indicates that this statement is insufficient to meet the requirements of Florida Statutes

---

**CIVIL MINUTES—GENERAL**                    2

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No.  CV-13-08441-MWF (SHx) | Date:  March 19, 2014 |
| Title:    Petra Ann Parker -v- Thomas Weiss-Owner | |

§ 48.031(6).  *See Clauro Enters.*, 16 So. 3d at 1012 (finding that the second requirement was not met where the return of service merely recited that service was in accordance with Florida Statutes § 48.031(1), but did not "indicate that the process server spoke with the owner or an employee in charge of the UPS store to determine that [the defendant] actually maintained a mailbox at that store," or otherwise indicate that such a determination was made in any other manner).

Accordingly, the Court **Orders** Ms. Parker to **Show Cause**, **in writing**, **within 21 days** from the date of this Order, that service at the P.O. Box address met the two requirements of Florida Statutes § 48.031(1).  Alternatively, Ms. Parker may respond by filing another proof of service, showing that service was effected on Mr. Weiss-Owner in another manner that complies with Federal Rule of Civil Procedure 4.  Failure to respond to this Order will result in dismissal of this action.

The Court may not provide advice to *any* party, including persons who are not represented by a lawyer.  (Such persons are known as "pro se litigants.")  However, this District does have a "Pro Se Clinic" that can provide information and assistance about many aspects of civil litigation in this Court.  The Clinic is administered by Public Counsel, a public interest law firm, and it is staffed by lawyers and a paralegal.  In order to benefit from the guidance that the Clinic may be in a position to provide, pro se litigants have to go there directly.  The Pro Se Clinic is open to members of the public on Mondays, Wednesdays and Fridays, and is open from 9:30 a.m. to 12:00 p.m. (noon) and from 2:00 p.m. to 4:00 p.m.  Individuals seeking assistance are seen on a first-come, first-served basis.  The clinic is located in Room G-19 on the Ground Floor of the U.S. Courthouse at 312 N. Spring Street, Los Angeles, California.

Although the Clinic does *not* provide assistance telephonically, a pro se litigant may call the Clinic to obtain further information.  The telephone number is (213) 385-2977, ext. 270.  Again, the Clinic does *not* provide any assistance over the telephone; the purpose of a telephone call would be *only* to get more information about the Clinic.  In addition, the Court has information of importance to pro se litigants at the "Pro Se" link on its website, http://www.cacd.uscourts.gov.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.**  CV-13-08441-MWF (SHx)                    **Date:**  March 19, 2014
Title:     Petra Ann Parker -v- Thomas Weiss-Owner

IT IS SO ORDERED.