UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV-13-08441-MWF (SHx)        Date:  April 9, 2014
Title:    Petra Ann Parker -v- Thomas Weiss-Owner

Present:  The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

| Deputy Clerk:<br>Rita Sanchez | Court Reporter:<br>Not Reported |
|---|---|
| Attorneys Present for Plaintiff:<br>None Present | Attorneys Present for Defendant:<br>None Present |

**Proceedings (In Chambers):**   ORDER TO SHOW CAUSE RE: SUFFICIENCY OF THE COMPLAINT

On March 19, 2014, this Court issued an Order to Show Cause Re: Proof of Service (the "OSC"). (Docket No. 14). On April 2, 2014, Plaintiff Petra Ann Parker filed a Response. (Docket No. 16). The Response still does not demonstrate that the proof of service (Docket No. 14) strictly complies with Florida Statutes § 48.031(6).

As explained in the OSC, Florida law "only permits substitute service at a private mailbox if (1) it is the *only* address discoverable through the public records, and (2) the process server determines that the person to be served maintains a mailbox at that location." *Clauro Enters., Inc. v. Aragon Galiano Holdings, LLC*, 16 So. 3d 1009, 1012 (2009) (emphasis in original).

Here, the Response does not indicate that the P.O. Box address for Defendant is the only address discoverable through the public records. Instead, the Response indicates that the Ship Plus Postal Packing Center where Defendant's P.O. Box is located "has no other address on file" for Defendant. (Response at 3). Moreover, neither the Proof of Service nor the Response indicates whether the process server confirmed that Defendant actually has a P.O. Box at the Ship Plus Postal Packing Center.

However, it appears unproductive to require the Ms. Parker to attempt service again or to further justify her proof of service because her Complaint simply fails to state a claim for relief.

---

**CIVIL MINUTES—GENERAL**                                                    1

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV-13-08441-MWF (SHx)          Date:  April 9, 2014
Title:    Petra Ann Parker -v- Thomas Weiss-Owner

"A trial court may act on its own initiative to note the inadequacy of a complaint and dismiss it for failure to state a claim, . . . but the court must give notice of its sua sponte intention to invoke Rule 12(b)(6) and afford plaintiffs 'an opportunity to at least submit a written memorandum in opposition to such motion.'" *Wong v. Bell*, 642 F.2d 359, 362 (9th Cir. 1981).  A trial court can only dismiss a claim sua sponte without notice "where the claimant cannot possibly win relief." *Omar v. Sea-Land Serv., Inc.*, 813 F.2d 986, 991 (9th Cir. 1987).

Because Ms. Parker is appearing pro se, the Court construes the Complaint liberally.  However, even liberally construed, the Complaint appears to be a fraud claim disguised as an employment discrimination claim.

The Complaint alleges that Ms. Parker contacted Defendant's business Grueber Ministry about a job that would allow her to work from home on the computer. (Compl. at p.2).  Because Ms. Parker did not have a computer, Defendant agreed to send her a computer, if she paid for the shipping cost.  (Compl. at p.2).  Ms. Parker mailed Defendant a money order for $38.10 on December 15, 2012.  (Compl. at p.2). But Defendant stated that he did not receive the money order, and asked for an additional $19.00.  (Compl. at p.2-3).  Ms. Parker then paid $5.50 to the U.S. Post Office to trace her money order, and the Post Office confirmed that her money order had been cashed.  (Compl. at p.3).  Mr. Parker subsequently filed a police report against Defendant for theft.  (Compl. at 3).

Based on these facts, Ms. Parker asserts a claim for employment discrimination under Title VII of the Civil Rights Act of 1964 based on her race and age.  (Compl. at "First Cause of Action" and "Second Cause of Action").

To state a prima facie claim under Title VII, "the plaintiff must show that (1) [s]he belongs to a protected class; (2) [s]he was qualified for the position; (3) [s]he was subject to an adverse employment action; and (4) similarly situated individuals outside h[er] protected class were treated more favorably." *Chuang v. Univ. of Cal. Davis, Bd. of Trustees*, 225 F.3d 1115, 1123 (9th Cir. 2000).

---

**CIVIL MINUTES—GENERAL**                                                                 2

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV-13-08441-MWF (SHx)          Date:  April 9, 2014
Title:     Petra Ann Parker -v- Thomas Weiss-Owner

The discrimination claim based on race only meets the first element required of a Title VII claim. The Complaint alleges that Ms. Parker belonged to a protected class because she is African American. (Compl. at p.2).

With regard to whether Ms. Parker was qualified for the position, there are no allegations. Moreover, the allegations in the Complaint indicate, if anything, that Ms. Parker was not qualified for the job. According to the Complaint, Defendant explained that "[t]o perform this job [Ms. Parker] needed a computer at home," which Ms. Parker did not have. (Compl. at p.2).

With regard to whether an adverse employment action occurred, Ms. Parker alleges that Defendant gave the job to someone else. (Compl. at "First Cause of Action"). However, the factual allegations in the Complaint do not support this conclusion. According to the Complaint, the last time Ms. Parker spoke with Defendant, he told her to contact him again in April 2013 for another computer. (Compl. at p.2).

With regard to whether similarly situated individuals outside the protected class were treated more favorably, there are no allegations in the Complaint on this issue. The Complaint asserts that Ms. Parker was "treated differently than others" because Defendant "gave the job to someone else." (Compl. at "First Cause of Action"). However, the Complaint does not indicate that the other person who received the job was outside the protected class.

Therefore, the Complaint fails to allege three of four necessary elements for an employment discrimination claim based on race.

Moreover, while the Complaint asserts a second claim for age discrimination under Title VII (Compl. at "Second Cause of Action"), age is not a protected class under Title VII. *See* 42 U.S.C.A. § 2000e-2 (listing race, color, religion, sex, and national origin as protected classes). Therefore, the second claim fails as a matter of law.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV-13-08441-MWF (SHx)			Date:  April 9, 2014
Title:	Petra Ann Parker -v- Thomas Weiss-Owner

    The Complaint lists a third claim for intentional discrimination, but it is unclear what the legal basis for this claim is.  Although the claim is labeled as a discrimination one, the allegations supporting this claim primarily assert that Defendant "committed mail fraud."  (Compl. at "Third Cause of Action").  Therefore, this third claim is unintelligible to the Court.

    More generally, it is unlikely that Ms. Parker can plausibly allege either a federal question or a diversity claim worth more than $75,000.  *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009).

    In simpler language, this is an action for fraud, not employment.  There almost certainly was no job here.  If someone offered to sell me the Golden Gate Bridge and took my money, then I have a claim for fraud, not breach of contract.

    The Court may not provide legal advice to anyone.  But to illustrate the hurdles to a successful federal case, the Court notes that the allegations suggest that an action for fraud in a California Superior Court might be more appropriate.  Ms. Parker would then not have to contort the facts into a federal question claim or implausibly assert damages above $75,000.

    The Court thus **ORDERS** Ms. Parker to Show Cause, **in writing**, **within 21 days** from the date of this Order, as to why the Complaint should not be dismissed for failure to state a claim.  Failure to respond to this Order will result in dismissal of this action.

    The Court has previously given Ms. Parker information about the Pro Se Clinic on the ground floor of this Courthouse, which is open to members of the public on Mondays, Wednesdays and Fridays, and is open from 9:30 a.m. to 12:00 p.m. (noon) and from 2:00 p.m. to 4:00 p.m.

    IT IS SO ORDERED.